<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Steven C. Burt Sr., | : |
| Plaintiff, | : Civil Action No. 15cv2279(RMB) |
| v. | : **MEMORANDUM AND ORDER** |
| CFG Health Systems, and Camden County Jail | : |
| Defendants. | : |

**BUMB**, District Judge:

Plaintiff is a pretrial detainee in Camden County Jail. (Compl. at ¶3, Doc. No. 1.)  On March 31, 2015, the Clerk received Plaintiff's civil rights complaint form, and an application to proceed without prepayment of fees. (Doc. No. 1.)

It appears that Plaintiff wishes to proceed without prepaying a filing fee, but his IFP application is not properly completed.  28 U.S.C. § 1915(a) requires a prisoner who seeks to proceed without prepaying filing fees to complete an affidavit of poverty and to submit his or her certified prison trust fund account statements.  Plaintiff submitted the affidavit of poverty but did not submit his certified prison trust fund account statements.  Plaintiff will be given the opportunity to correct this deficiency by filing a new IFP application.

1

## II.  THE COMPLAINT

If Plaintiff files a properly completed IFP application and the application is granted, the Court will be required to review the Complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.  See 28 U.S.C. § 1915(e)(2)(b).  Plaintiff's present complaint is deficient is several respects.  If Plaintiff wishes to avoid summary dismissal, he may wish to amend his complaint when he files a new IFP application.

First, in the caption of the Complaint, Plaintiff names CFG Health Systems and Camden County Jail as defendants.  (Compl.) Later in the Complaint, in listing the defendants, Plaintiff names Dr. Band as the first defendant and CFG Health Systems as the second defendant.  (Id. at ¶4(b) and (c)).  If Dr. Band is a defendant, Plaintiff should include him in the caption of the Complaint.

Plaintiff alleges Dr. Band refused to provide a stable cast for his right little finger fracture, and denied Plaintiff surgery that was recommended by an outside "ortho."  (Id. at ¶4(b)).  Dr. Band examined Plaintiff on August 29, 2014, and Plaintiff was wearing a splint on his finger at that time.  (Id. at ¶6.)  Dr. Band left the splint on for 26 days but did not

2

"restabilize" Plaintiff's finger fracture or place a cast on it.
(Id.)

Plaintiff was sent for evaluation by Dr. Fuller in "Cooper
Plaza" Camden, New Jersey in January 2015.  (Id.)  Dr. Fuller
recommended "PT/surgery," and Dr. Band did not approve the
surgery.  (Id.)  Plaintiff alleged Dr. Band's failure to treat
him left his finger deformed and in constant pain.  (Id.)

Plaintiff may not have exhausted his administrative
remedies.  He alleged that he filed many inmate grievance forms
without a response, and he requested medical records without a
response.  (Id. at ¶5.)  He has been unable to speak to the
Medical Administrator, and he does not have "one on one" access
to the law library.  (Id.)  For relief, Plaintiff asks the court
to find the defendant negligent and award Plaintiff a settlement
under the malpractice laws.  (Id. at ¶7.)

I.  **DISCUSSION**

Exhaustion of administrative remedies prior to bringing a §
1983 claim is mandatory under the Prison Litigation Reform Act
("PLRA") of 1995.  Smith v. Merline, 719 F.Supp.2d 438, 444
(D.N.J. 2010)(citing 42 U.S.C. § 1997e(a)).  "[T]he procedures
set out in a prison's administrative grievance program serve as
the measure for whether an inmate has exhausted his
administrative remedies."  Id. at 445 (citing Spruill v. Gillis,
372 F.3d 218, 231 (3d Cir.2004)).  In the present Complaint,

3

Plaintiff alleged that he filed grievances and was ignored, but he did not allege that he followed all of the grievance procedures of the jail before filing the present Complaint.

Next, Plaintiff appears to allege only that Dr. Band was negligent and violated malpractice laws.  This Court lacks subject matter jurisdiction over solely state law claims, and malpractice is a state law claim.  See Genelink Biosciences, Inc. v. Colby, 722 F.Supp.2d 592, 601 (D.N.J. 2010)(finding no basis for federal court jurisdiction over case involving missed deadlines in legal malpractice.)  If Plaintiff wishes to proceed solely with a malpractice claim against Dr. Band and his employers, he should file his claim in New Jersey state court.

Although Plaintiff has not specifically pled a constitutional violation, he may have intended to do so by alleging he was denied medical treatment.  Pretrial detainees may state a constitutional claim under the Fourteenth Amendment[1] by alleging facts to support a claim that acts or omissions by prison officials indicate deliberate indifference to a serious medical need.  Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  Plaintiff should be aware

---

[1] Pretrial detainees are entitled to at least as great of protection of the right to adequate medical care under the Fourteenth Amendment as prisoners are entitled to under the Eighth Amendment's ban against cruel and unusual punishment. Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003)(citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)).

4

that "a dispute over the adequacy of the treatment or the need to pursue one course of treatment over another . . . generally fails to state a claim for relief under the Eighth Amendment." Tenon v. Dreibelbis, No. 13-4640, 2015 WL 1434439 (3d Cir. March 31, 2015)(citing United States v. Fayette County, 599 F.2d 573, 575 n. 2 (3d Cir.1979)(per curiam)("When a prisoner had received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."))

If Plaintiff wishes to allege a constitutional violation, he may bring the claim pursuant to 42 U.S.C. § 1983.  See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)("A prima facie case under § 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.")  This Court has subject matter jurisdiction over § 1983 claims.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

If Plaintiff alleges a federal law claim, this Court *may* also exercise supplemental jurisdiction over Plaintiff's related state law claims.  See 28 U.S.C. § 1367(a)("the district courts

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")  If Plaintiff intended to allege a claim arising under § 1983, he should plainly state such claim in a new complaint.

Plaintiff, however, should be aware that to plead a Fourteenth Amendment constitutional violation for inadequate medical care, the only defendant in the present complaint who is a proper defendant is Dr. Band, the individual who was personally involved in the denial of care.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Under § 1983, employers are not liable for the constitutional violations of their employees.  Id.

**II.  CONCLUSION**

Plaintiff's IFP application will be denied as insufficient, and the case will be terminated.  Plaintiff, however, may reopen the case by filing a properly completed IFP application, and may also choose to submit a new complaint, in light of the screening requirements of 28 U.S.C. § 1915(e)(2)(b).

IT IS, therefore, on this **14th** day **April** of **2015**,

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry reading, "CIVIL

6

CASE TERMINATED."  Such termination shall be subject to reopening in the event Plaintiff timely submits a properly executed IFP application; and no statement in this Memorandum and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

**ORDERED** that Plaintiff may renew his application in this matter by submitting, within thirty days from the date of entry of this Memorandum and Order, a properly executed IFP application for a prisoner civil rights case; and he may accompany that submission with a new "Prisoner Civil Rights Complaint" completed in accordance with the guidance provided herein; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail, together with the following blank forms:  "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case"; "Prisoner Civil Rights Complaint."

Renée Marie Bumb                __
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**
